Merrimack
No. 86-506

PAULA PLOURDE

v.

ROBERT PLOURDE
&
NEW HAMPSHIRE DIVISION OF HUMAN SERVICES

November 9, 1987

*Bruce E. Friedman*, of Concord, by brief and orally, for the plaintiff.

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the State.

## MEMORANDUM OPINION

BROCK, C.J. The plaintiff appeals from a decision of the Superior Court (*Bean*, J., acting upon the recommendation of a Master, *Larry B. Pletcher*, Esq.) in a divorce proceeding. The court below upheld the validity of 26 U.S.C. § 6402(c), the tax refund intercept statute, and declined to include in the divorce decree a provision that would dispose of the defendant's future intercepted federal income tax refunds in a manner contrary to the requirements of that statute. We affirm.

The plaintiff and the defendant Robert Plourde (hereinafter defendant) were married in 1979 and separated in 1982. The plaintiff, during the separation, received AFDC child support benefits from the defendant New Hampshire Division of Welfare (now Division of Human Services) (hereinafter the State). She was notified at the time of her application for AFDC benefits that her receipt of such benefits constituted an assignment to the State under RSA 161-C:22 (Supp. 1986) of all child support due her from the defendant, with the ceiling on the assigned right being the dollar amount of AFDC benefits she received. The defendant, during the same period, agreed to pay child support to the plaintiff. However, he fell behind in these support payments, and remained in arrears at the time of the divorce decree.

Acting under the authority of 26 U.S.C. § 6402(c) (Supp. III 1985), which authorizes use of a taxpayer's impending tax refund to offset past-due support obligations, the United States Treasury Department intercepted the defendant's 1985 federal income tax refund. Although, as the parties have stipulated, section 6402(c) indicates that the State should have retained the full intercepted refund to offset the assigned support obligations, the State erroneously made a split payment of the intercepted refund to the plaintiff and to the defendant's former wife.

In 1986, the plaintiff filed a libel for divorce. Contending that the disposition of tax refunds under section 6402(c) is unconstitutional, the plaintiff proposed a final decree which would have required, contrary to section 6402(c), that her husband's future intercepted tax refunds apply first to the child support arrearage owed her, and thereafter to the arrearage assigned to the State. The master who conducted the divorce hearing found no constitutional defect in section 6402(c), and recommended that the final decree omit the plaintiff's proposed alternative disposition of the defendant's future intercepted tax refunds. The superior court approved the master's recommendation.

While we are not persuaded by the plaintiff's arguments that section 6402(c) is unconstitutional, we need not address that issue in this appeal because the meager record before us indicates that the issue is not ripe for decision.

The only interception under section 6402(c) relevant in this appeal is that which relates to the defendant's 1985 tax refund. The plaintiff's present appeal, however, does not challenge the disposition of that refund. Instead, the plaintiff's counsel has endeavored to expand the scope of the record on appeal to include an alleged interception of the defendant's 1986 tax refund. Counsel concedes that at the time of the divorce proceeding below, there were no facts in evidence as to the purported interception of the defendant's 1986 tax refund. The issue of the 1986 tax refund interception therefore is not properly before us now.

Given the absence of an actual controversy regarding the application of section 6402(c), we conclude that there is no occasion to challenge the superior court's exclusion from the divorce decree of the proposed language pertaining to section 6402(c) tax refund interceptions.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.